# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRYAN JOHN MOYER,** | : | CIVIL NO. 1:17-CV-1379 |
| | : | |
| Petitioner | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **TAMMY FERGUSON,** *et al.*, | : | |
| | : | |
| Respondents | : | |

## ORDER

AND NOW, this 25th day of November, 2019, upon consideration of petitioner's motion (Doc. 17) for reconsideration, wherein he seeks reconsideration of the court's order (Doc. 16) denying his petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, and it appearing that petitioner fails to demonstrate reliance on one of three major grounds needed for a proper motion for reconsideration, North River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995) (stating three major grounds include "(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or], (3) the need to correct clear error [of law] or prevent manifest injustice." ), but,

instead, simply disagrees with the court's decision in this matter[1], see Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 (M.D. Pa. 1994) (finding that "[a] motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of."), aff'd, 31 F.3d 1174 (3d Cir. 1994); see also Database America, Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations omitted) (holding "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'"), it is hereby ORDERED that:

---

[1] In the motion for reconsideration, petitioner again argues that he was provided ineffective assistance of counsel on the following grounds: (1) failure to raise a Rule 600 violation; (2) failure to argue a meritorious Rule 704 issue; (3) failure to obtain a plea agreement; (4) failure to call character witnesses; (5) failure to obtain a complete Rule 600 transcript on appeal; (6) failure to challenge the illegality of his sentence on the basis of Alleyne v. United States, 570 U.S. 99 (2013); and, (7) failure to raise prosecutorial and police misconduct. (Doc. 17). In addition, petitioner again argues that the Commonwealth committed prosecutorial misconduct, that his sentence is illegal under Alleyne, and that he is actually innocent of the crimes of which he was convicted. (Id.) The court previously addressed each of these arguments raised by petitioner. (Doc. 15). Presently, petitioner fails to advance an intervening change in controlling law, or to present newly found evidence warranting reconsideration of the court's order. Nor does he establish that the court came to its conclusion by way of some gross misunderstanding of the law and applicable rules.

1. The motion (Doc. 17) for reconsideration is DENIED.

2. Petitioner's request for a certificate of appealability is DENIED for the reasons stated in the May 6, 2019 memorandum. (See Doc. 15; see also 28 U.S.C. § 2253(c)(2)).

    /S/ Christopher C. Conner
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania